```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**PATIENTS' CHOICE MEDICAL CENTER
OF HUMPHRIES COUNTY, LLC f/k/a
HUMPHREYS COUNTY MEMORIAL HOSPITAL;
RURAL HEALTH CARE DEVELOPERS, INC.;
and RAY SHOEMAKER**                                    **PLAINTIFFS**

**VS.                    CIVIL ACTION NO. 3:08-cv-696-WHB-LRA**

**OFFICE OF THE GOVERNOR, DIVISION OF MEDICAID,
STATE OF MISSISSIPPI; ROBERT ROBINSON,
Individually and in his Capacity as
Executive Director of the Division of Medicaid,
State of Mississippi; and JANET MANN,
Individually and in her Capacity as
Deputy Director of the Division of Medicaid,
State of Mississippi**                                  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiffs for Preliminary Injunction. The Court, having considered the Motion, Response, Rebuttal, supplemental pleadings, attachments to the pleadings, the arguments and evidence presented during the hearing on the Motion, as well as supporting and opposing authorities, finds that the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

Rural Health Care Developers, Inc. ("Rural Health") is the owner of Patients' Choice Medical Center of Humphries County ("PCMC"), which provides, *inter alia*, behavioral health services. According to Plaintiffs, in Spring of 2007, Medicaid[1] began making

---

[1] In their Complaint, Plaintiffs refer to the defendants collectively as "Medicaid". See Compl. at ¶ 3.1.

inquiries regarding behavioral health services and other services provided by PCMC. Medicaid also purportedly began suspending payments on billing submitted by PCMC. In the Fall of 2007, Medicaid conducted an audit of the services provided by PCMC, the results of which were reported in April of 2008. Medicaid also purportedly focused "inquiry and audit attention" on Rural Health and Ray Shoemaker ("Shoemaker"), and has suspended payments to them for behavioral health as well as other hospital services. According to Plaintiffs, Medicaid has refused to resolve the issues regarding reimbursement, and has refused to respond to their inquiries regarding the billing procedures/practices of that agency. Plaintiffs also allege that Medicaid has communicated false information regarding Rural Health and Shoemaker.

On November 13, 2008, Plaintiffs filed a Complaint in this Court alleging various federal and state law claims against the Office of the Governor, Division of Medicaid, State of Mississippi,[2] Robert Robinson, and Janet Mann.[3] In their Complaint, Plaintiffs alleged a 42 U.S.C. § 1983 claim arising from allegations that Medicaid had violated 42 U.S.C. § 1396a(a)(37); the Mississippi Medicaid Provider Billing Manual, Hospital Manual

---

[2] The claims against the Office of the Governor were dismissed, without prejudice, on January 23, 2009. See Notice of Non-Suit [Docket No. 31].

[3] Robinson and Mann are sued in both their individual and official capacities as Executive Director and Deputy Director of the Division of Medicaid, State of Mississippi, respectively.

§ 1.05; and 42 C.F.R. § 455.23.  Plaintiffs also alleged state law claims of breach of contract, interference with existing and prospective business, and defamation.  Through their Complaint, Plaintiffs sought an injunction that would require Medicaid (1) to pay all outstanding billing; (2) to meet with them and resolve any disputes regarding Medicaid policies and procedures; and (3) to cease and desist from making slanderous or libelous statements.

On November 14, 2008, Plaintiffs filed a Motion for Preliminary Injunction seeking the same relief as requested through the Complaint.  A hearing on the Motion was held on November 25-26, 2008.  On November 26, 2008, Plaintiffs filed an Amended Complaint alleging, with respect to their Section 1983 claim, that Medicaid had also violated 42 U.S.C. §§ 1396a(a)(13)(A) and (a)(30); had violated their Fourteenth Amendment right to due process based on the manner it was applying certain policies and by retroactively applying newly adopted policies; and had violated their Fourteenth Amendment right to equal protection by applying certain policies only to them.[4]  Through their Amended Complaint, Plaintiffs request

---

[4] In addition to filing the Amended Complaint, Plaintiffs filed a Motion seeking leave to amend their Complaint and Petition for Temporary Restraining Order.  The Court finds that as the Amended Complaint/Petition for Preliminary Injunction was filed less than twenty days after the original complaint/petition was filed, and as Defendants had not yet responded to the original Complaint, leave of Court was not required to file the Amended Complaint/Petition.  See Fed. R. Civ. P. 15(a)(1). Accordingly, the Court finds that the Motion to Amend filed on November 26, 2008, should be dismissed as moot.

the following preliminary injunctive relief:

> Plaintiffs respectfully pray for the entry of a Preliminary Injunction as follows: (1) Medicaid refrain from failing to comply with its clear and unambiguous policies and procedures for the processing and paying of outpatient behavioral health claims of Patients Choice Medical Center of Humphreys County, LLC, for Medicaid crossover claims and Medicaid only claims submitted; (2) Medicaid refrain from its discontinuance of Patient's Choice Medical Center of Humphreys County's provider number effective immediately as if such discontinuance never occurred; (3) Medicaid refrain from categorizing Patient's Choice Medical Center of Humphreys County, LLC as a community mental health center, and treat it as a critical access hospital operating outpatient clinics; (4) Medicaid refrain from any delay from conducting a hearing on the audit report dated October 6, 2008, and submitted to Plaintiff on November 18, 2008, past December 15, 2008, and further refrain from any delay in resolution of that audit process beyond five days from that hearing; (5) Medicaid refrain from application of Medicaid policy 26.17 related to hospital outpatient clinical services until adopted pursuant to proper procedures under federal law; (6) Medicaid refrain from application of its policy 15.30 and 15.02 against the claims of Patient's Choice Memorial Hospital of Humphreys County, LLC.

See Am. Compl. [Docket No. 12], at 8 (alterations in original). After the hearing, the parties filed supplemental pleadings in support/opposition to the Motion for Preliminary Injunction. The Court is now prepared to enter its Order on the Motion.[5]

---

[5] On February 6, 2009, Plaintiffs filed a Motion for Leave to File Second Amended Complaint and Second Motion for Preliminary Injunction. As the briefing on these motions has not yet been completed, they will not be considered at this time. The Court also stays consideration of Defendants' Motion to Dismiss pending a decision on whether Plaintiffs will be granted leave to amend. In the event leave is granted, Defendants will be permitted to supplement their Motion to Dismiss, and a hearing on Plaintiffs' Second Motion for Preliminary Injunction will be scheduled in accordance with the rules governing civil procedure.

## II. Discussion

Plaintiffs seek a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Such relief is considered "an extraordinary remedy." Mississippi Power & Light Co. v. United Gas Pipeline Co., 760 F.2d 618, 621 (5th Cir. 1985). Thus, to prevail on a motion for preliminary injunction, the moving party must establish:

> (1) there is a substantial likelihood that it will prevail on the merits, (2) there is a substantial threat that the party will suffer irreparable injury if the preliminary injunction is denied, (3) the threatened injury to the party seeking the injunction outweighs the threatened injury to the party to be enjoined, and (4) granting the preliminary injunction will not disserve the public interest.

Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiffs have filed a Section 1983 claim seeking to enforce certain sections of 42 U.S.C. § 1396a as well as various federal and state regulations. As recognized by the United States Court of Appeals for the Fifth Circuit:

> Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws. The § 1983 remedy encompasses violations of rights secured by federal statutory as well as constitutional law. In order to seek redress through § 1983, therefore, a plaintiff must assert the violation of a federal right, not merely a violation of federal law.

Equal Access for El Paso, Inc. v. Hawkins, 509 F.3d 697, 702 (5th Cir. 2007)(alterations in original)(citations omitted).

Plaintiffs have alleged a Section 1983 claim based on an alleged violation of 42 U.S.C. § 1396a(a)(13)(A). This statute provides, in relevant part:

> (a) A State plan for medical assistance must –
>
>    ....
>
> (13) provide –
>
> (A) for a public process for determination of rates of payment under the plan for hospital services, nursing facility services, and services of intermediate care facilities for the mentally retarded under which –
>
> (i) proposed rates, the methodologies underlying the establishment of such rates, and justifications for the proposed rates are published,
>
> (ii) providers, beneficiaries and their representatives, and other concerned State residents are given a reasonable opportunity for review and comment on the proposed rates, methodologies, and justifications,
>
> (iii) final rates, the methodologies underlying the establishment of such rates, and justifications for such final rates are published, and
>
> (iv) in the case of hospitals, such rates take into account (in a manner consistent with section 1923) the situation of hospitals which serve a disproportionate number of low-income patients with special needs; ...

42 U.S.C. § 1396a(a)(13)(A). By its plain language, 42 U.S.C. § 1396a(a)(13)(A) discusses the required "public process for determination of rates of payment under the [Medicaid] plan." In the case *sub judice*, Plaintiffs have not challenged the rates at which Medicaid reimburses for medical services but, instead, challenge whether they were properly denied payment. As Plaintiffs do not challenge the rate of Medicaid reimbursement, the Court

6

finds they have not shown a likelihood of success on the merits of their violation of 42 U.S.C. § 1396a(a)(13)(A) claim.

Plaintiffs also allege a Section 1983 claim based on an alleged violation of 42 U.S.C. § 1396a(a)(30), which provides, in relevant part:

> (a) A State plan for medical assistance must –
>
> ....
>
> (30)(A) provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan (including but not limited to utilization review plans as provided for in section 1396b(i)(4) of this title) as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area; ...

42 U.S.C. § 1396a(a)(30)(A). After analyzing this statute, the Fifth Circuit held that it does not create a private right of action that may be enforced under 42 U.S.C. § 1983. See Hawkins, 509 F.3d at 704. Accordingly, the Court finds that Plaintiffs have not shown a likelihood of success on the merits of their violation of 42 U.S.C. § 1396a(a)(30)(A) claim.

Next, Plaintiffs allege a Section 1983 claim based on an alleged violation of 42 U.S.C. § 1396a(a)(37), which provides, in relevant part:

> (a) A State plan for medical assistance must –
>
> ....

> (37) provide for claims payment procedures which (A) ensure that 90 per centum of claims for payment (for which no further written information or substantiation is required in order to make payment) made for services covered under the plan and furnished by health care practitioners through individual or group practices or through shared health facilities are paid within 30 days of the date of receipt of such claims and that 99 per centum of such claims are paid within 90 days of the date of receipt of such claims, and (B) provide for procedures of prepayment and postpayment claims review, including review of appropriate data with respect to the recipient and provider of a service and the nature of the service for which payment is claimed, to ensure the proper and efficient payment of claims and management of the program;

42 U.S.C. § 1396(a)(37). Reviewing this statute, the Court finds it does not appear to contain the "rights-creating" language critical to showing unambiguously the requisite Congressional intent to create individualized rights for health care providers. See Hawkins, 509 F.3d at 702-04 (discussing Gonzaga Univ. v. Doe, 536 U.S. 273 (2002)). Like the Medicaid Equal Access Provision analyzed in Hawkins, the provision at issue in this case appears to speak "only to the state and the Secretary in their functions of proposing and approving a state plan"[6], which is calculated to provide "claims payment procedures" and "procedures [for] prepayment and postpayment claims review." 42 U.S.C. § 1396a(a)(37). Thus, as in Hawkins, because Section 1396a(a)(37) "speaks only in terms of institutional policy and practice, has an 'aggregate' rather than an individualized focus, and is not

---

[6] Hawkins, 509 F.3d at 703.

8

concerned with whether the needs of any particular person or class of individuals have been satisfied", it does not appear to "create a private individual right enforceable under § 1983." Hawkins, 509 at 703. Accordingly, the Court finds that Plaintiffs have not shown a likelihood of success on the merits of their violation of 42 U.S.C. § 1396a(a)(37) claim.

Plaintiffs also allege a Section 1983 claim based on an alleged violation of the Mississippi Medicaid Provider Billing Manual, Hospital manual § 1.05. It is well settled, however, that a Section 1983 claim must be predicated on a violation of federal constitutional or statutory rights, and not on state-created statutory rights. See e.g. Woodward v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005) (holding "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."); Beltran v. City of El Paso, 367 F.3d 299, 302 n.1 (5th Cir. 2004). As such, the Court finds that Plaintiffs have not shown a likelihood of success on the merits of their Section 1983 to the extent it is predicated on alleged violations of the Mississippi Medicaid Provider Billing Manual.

As regards Plaintiffs' remaining Section 1983 claims, which are based on alleged violations of 42 C.F.R. § 455.23[7] as well as

---

[7] The Court makes no decision as to whether this regulation creates a private action for the purpose of maintaining a Section 1983 claim.

the due process and equal protection clauses of the Fourteenth Amendment, and their state law claims of breach of contract, interference with existing and prospective business, and defamation, the Court finds that questions of fact preclude a finding that they are likely to succeed on the merits of these claims. As understood by the Court, the issue to be resolved with regard to these claims is whether Medicaid has wrongfully withheld payment. In other words, resolution of the claims will require a determination as to whether Plaintiffs legitimately billed Medicaid (as they contend) or whether the bills they submitted were fraudulent or misrepresented (as Medicaid contends). Having reviewed the evidence currently before it, the Court finds there exists a fact question as regards the legitimacy of the billing and, therefore, the evidence thus far presented is insufficient to show that there exists a substantial likelihood that Plaintiffs will prevail on the merits of their remaining claims. Accordingly, the Court finds that the Motion for Preliminary Injunction should presently be denied.

### III. Conclusion

IT IS THEREFORE ORDERED that the Motion of Plaintiffs for Preliminary Injunction [Docket Nos. 3 & 4] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Amended their Petition for Temporary Restraining Order [Docket No. 11] is hereby dismissed as moot.

IT IS FURTHER ORDERED that the Motion of the Defendants to Exceed Page Limitation [Docket No. 17] is hereby granted.

SO ORDERED this the 3rd day of March, 2009.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE